IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY L. JONES,

                          Petitioner,

          v.                              CASE NO.  08-3042-SAC

DAVID R. McKUNE,
et al.,

                          Respondents.

## O R D E R

This petition for writ of habeas corpus, 28 U.S.C. § 2254, was filed and the filing fee was paid by an inmate of the Lansing Correctional Facility, Lansing, Kansas.  Petitioner seeks to challenge his sentence imposed in 1998 pursuant to a plea agreement in the District Court of Sedgwick County, Wichita, Kansas, upon his convictions for aggravated robbery and attempted aggravated robbery. He also seeks to challenge his 1994 convictions used to enhance his 1998 sentence.


**PROCEDURAL HISTORY**

On September 21, 1994, Jones was convicted upon his pleas of no contest to multiple counts of aggravated robbery and attempted aggravated robbery in two state criminal cases, Nos. 94-CR-533 and 94-CR-689.  He was sentenced to a controlling term of 55 months[1]. He did not directly appeal these convictions or sentence.  It thus appears his 1994 sentences became "final" on October 1, 1994, when

----

[1]      Petitioner alleges that counsel representing him during the 1994 plea proceedings, Mr. Wilson, was ineffective and coerced him to plead even though he was not guilty of all but one (or none) of the counts.  He shows that Mr. Wilson was later disbarred for dilatory practices in other cases.  The state court held an evidentiary hearing on this claim and found Mr. Wilson had effectively represented Mr. Jones and negotiated a much shorter sentence than the State was initially considering.

the time for filing a Notice of Appeal expired.

Jones was on parole on his 1994 sentence when he was charged in a third criminal case, Case No. 97-CR-2491.  In this third case, petitioner pleaded guilty on May 18, 1998, to one count each of aggravated battery and attempted aggravated robbery[2].  He filed a direct appeal of his 1998 sentence[3], which was transferred to the Kansas Supreme Court and dismissed on July 9, 1999 (Appellate Case No. 81610), "for lack of jurisdiction because he had received presumptive sentences."  Id.  Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court.  Thus, it

---

[2]       "Because these new crimes were committed while Jones was on parole, the trial court imposed the high presumptive sentences for each crime for a total of 240 months' imprisonment and ordered the sentences to run consecutive to the sentences imposed in the 1994 cases."  State of Kansas v. Jones, No. 96,977 at *2 (Kan.App., Aug. 24, 2007, unpublished).  Petitioner alleges his term is 273 months.

[3]       Much of this procedural history is set forth in the unpublished opinion of the Kansas Court of Appeals (KCOA) on collateral review:

     On September 21, 1994, under a plea agreement, Jones pled no contest to five counts of aggravated robbery, one count of attempted robbery, and one count of attempted aggravated robbery in one case and one amended count of attempted aggravated robbery in another case.  The trial court sentenced him to a controlling term of 55 months' imprisonment.  It does not appear that Jones appealed from the convictions or sentences.
     On May 18, 1998, Jones pled guilty to one count of aggravated battery and one count of attempted aggravated robbery in a third case . . . .
     Jones later filed a K.S.A. 60-1507 motion alleging ineffective assistance of his 1994 plea counsel.  This court reversed the district court's summary denial of that motion and remanded to the district court for a full evidentiary hearing.  Jones v. State, No. 86,407, unpublished opinion filed April 26, 2002.  This court then affirmed the denial of the motion after an evidentiary hearing on remand.  Jones v. State, No. 91,909, unpublished opinion filed April 8, 2005, rev. denied 280 Kan. 983 (2005).
     At issue in the current appeal is Jones' pro se motion to correct an illegal sentence under K.S.A. 22-3504(1), filed December 16, 2005.  In the motion, Jones alleged that the trial court erred in using his seven convictions from the 1994 cases to score his criminal history and erred in scoring his criminal history by including prior convictions that were neither included in the charging document nor proven to a jury beyond a reasonable doubt . . . .

State of Kansas v. Jones, Nos. 96977, 97,289, 97,290 (consolidated)(Kan.App., Aug. 24, 2007, unpublished opinion), rev. denied, (K.Sup.Ct., Dec. 18, 2007).

appears his 1998 sentence became "final" on October 7, 1999[4].

On April 5, 2000, Jones filed his first post-conviction motion (Dist. Ct. Case No. 00-C-1069), in which he attacked his 1994 convictions.[5] The motion was denied by the state district court without an evidentiary hearing. He appealed to the KCOA, which reversed and remanded in 2002, with directions for a full evidentiary hearing (Appellate Court Case No. 86407). On remand, the trial court held an evidentiary hearing and denied Jones' 1507 petition. Petitioner again appealed to the KCOA, which this time affirmed the denial on April 8, 2005. The KCOA noted Jones' claims were undermined because he had waited nearly 6 years after he initially pled in 1994 to file his 1507 motion. A Petition for Review was denied by the Kansas Supreme Court on September 22, 2005 (Appellate Case No. 91909).

On December 16, 2005, petitioner filed his second post-conviction motion in state court, this time attacking his 1998 sentence.[6] Relief was denied by the state district court on January

---

[4]    A state criminal sentence is "final," as that term is used in the statute of limitations for federal habeas corpus petitions, not on the day the Kansas Supreme Court denies review, but when the ninety-day time period for filing a Petition for Writ of Certiorari has expired if no such petition is filed.

[5]    As grounds for his first 1507 motion, Jones claimed attorney Wilson who had represented him in the 1994 plea proceedings was ineffective and that his plea was involuntary. He based these claims mainly upon allegations that Wilson failed to interview witnesses and properly investigate his cases, but also alleged Wilson lied and pressured him into entering pleas in 1994.
        Jones was represented by different counsel in 1998, who told the sentencing judge, while arguing a motion for departure, that Jones had informed his counsel Wilson in 1994 that he was not guilty of the charges, but Wilson "went ahead and negotiated a plea."

[6]    This was a pro se Motion to Correct Illegal Sentence pursuant to K.S.A. § 22-3504(1). The KCOA quoted the statute as providing "[t]he court may correct an illegal sentence at any time . . . ." That court described Jones' claims: "Jones alleged that the trial court erred in using his seven convictions from the 1994 cases to score his criminal history and erred in scoring his criminal history by including prior convictions that were neither included in the charging document nor proven to a jury beyond a reasonable doubt in violation of his rights under the Sixth and Fourteenth Amendment to the United States

30, 2006, following a hearing.  Petitioner appealed to the KCOA, which affirmed on August 24, 2007 (Appellate Case No. 96977).  His Petition for Review was denied on December 18, 2007.

## GROUNDS RAISED

As ground one for the instant federal Petition, Mr. Jones claims his counsel in 1994 was ineffective during plea negotiations, failed to investigate before inducing his pleas, and presented false facts to coerce his pleas.

As ground two, petitioner claims his pleas were entered involuntarily and unknowingly.  In support, he alleges his counsel in 1994 failed to properly investigate exculpatory evidence before inducing him to plead, and lied to him to coerce him to enter pleas.  He further alleges his 1994 counsel was determined to be ineffective.

As ground three, petitioner claims the "Kansas Sentencing Scheme" is unconstitutional[7], and his 1998 sentence violated Apprendi[8] and Blakely.  He also claims it was improper to use the convictions resulting from his involuntary, coerced plea agreement in 1994 to determine his criminal history and enhance his 1998 sentence.

Petitioner alleges he did not raise his challenges to his 1994

_____

Constitution."  Kansas v. Jones, No. 96977 at *3.  Jones argued his 1998 sentence was illegal as a result.

      [7]    The statement that the Kansas sentencing scheme is unconstitutional is not supported by any facts and does not appear to have been raised in the state appellate courts.  The court disregards this conclusory statement as mere verbiage within petitioner's claim that his 1998 sentence was unconstitutional under Apprendi.

      [8]    Apprendi v. New Jersey, 530 U.S. 466, 490 (2000); Blakely v. Washington, 542 U.S. 296 (2004).

convictions on direct appeal due to his ineffective counsel, but did raise all his claims in state post-conviction actions.  He thus alleges that all his claims have been fully exhausted.

**STATUTE OF LIMITATIONS**

As a threshold matter, the court tentatively finds from the foregoing facts that petitioner's claims in this federal habeas corpus petition challenging his 1994 convictions were not filed within the applicable statute of limitations[9].  As noted earlier, petitioner's 1994 convictions were "final" on October 1, 1994.  The statute of limitations for federal habeas corpus actions became effective on April 24, 1996.  It is the settled rule that persons whose state convictions became "final" prior to the effective date had one year from that date, or until April 24, 1997, in which to seek habeas corpus review in federal court.

Petitioner had no state habeas action pending between April 24, 1996, and April 24, 1997, and thus is not entitled to statutory tolling of the limitations period.  His 1507 action filed on April 5, 2000, challenging his 1994 convictions was filed too late to toll the federal statute of limitations, which had expired nearly three years earlier.  Nor did he file a federal habeas corpus petition

---

[9]     The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

challenging his 1994 convictions prior to April 24, 1997.  It follows that the statute of limitations has expired on his 1994 convictions.  Consequently, his challenges to his 1994 convictions are time-barred, unless he can demonstrate that he is entitled to either additional statutory tolling or equitable tolling[10].

Petitioner alleges he did not directly appeal his 1994 convictions due to ineffective assistance of his counsel.  However, he must allege more than such conclusory allegations.  He must describe circumstances beyond his control and explain how they prevented him from diligently pursuing his challenges to his 1994 convictions either by direct appeal or by post-conviction motion during the year the statute of limitations ran.  Petitioner will be given time to show cause why his challenges to the constitutionality of his 1994 convictions should not be dismissed as time-barred.

The time question is much more complicated with regard to petitioner's 1998 sentence.  As explained earlier, petitioner's 1998 sentence became "final" for federal statute of limitations purposes on October 7, 1999.  The statute of limitations thus began running as to his 1998 sentence on that date and expired a year later on October 7, 2000, unless a tolling event occurred within that year.

---

[10]    Equitable tolling of the limitation period is allowed when "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001). Complaints about unfamiliarity with the legal process and illiteracy have been found to provide no basis for equitable tolling. See Scott v. Johnson, 227 F.3d 260, 263 FN3 (5th Cir. 2000), cert. denied, 532 U.S. 963 (2001). Moreover, ignorance of the law generally and of the AEDPA time limit in particular will not excuse untimely filing, even for an incarcerated pro se prisoner. Marsh, 223 F.3d at 1220; Miller, 141 F.3d at 978; Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Complaints regarding post-conviction counsel do not entitle a petitioner to equitable tolling.  Nor does the fact that a petitioner believes his claims are of constitutional stature, since all habeas corpus claims must allege the violation of a federal constitutional right.

The statute of limitations may be tolled by either a relevant pending state post-conviction action, or exceptional circumstances warranting equitable tolling.   Petitioner had a state post-conviction motion "properly pending" beginning on April 5, 2000. However, it might be questioned whether or not this motion was "with respect to the pertinent judgment or claim."   On its face, this motion sought to overturn his 1994 convictions only.   On the other hand, petitioner clearly challenges his 1998 sentence on the basis that it was improperly enhanced by his allegedly unconstitutional 1994 convictions.   It might be said then that by seeking to overturn the 1994 convictions he was also pursuing state remedies on his challenge to his 1998 sentence.   The court finds it need not decide this difficult issue due to the following dissection and resolution of petitioner's challenges to his 1998 sentence.

Consideration of these timing issues makes it clear that petitioner is raising two very distinct challenges to his 1998 sentence.   One is that his 1998 sentence is illegal because it was enhanced by his 1994 convictions allegedly obtained in violation of his constitutional right to effective assistance of counsel.   The other quite different challenge is that his 1998 sentence is illegal because the procedures utilized to score his criminal history violated due process under the Supreme Court precedent of <u>Apprendi</u> and its progeny.   It is a significant distinction that the latter claim does not at all depend upon the allegation that petitioner's 1994 convictions were invalid.

**<u>APPRENDI CLAIM</u>**

Petitioner's <u>Apprendi</u> claim is a challenge to his 1998 sentence only.  By the court's previous tentative calculations, the statute of limitations for filing a federal habeas corpus petition raising his challenges to his 1998 sentence began to run in October 1999. Petitioner did not file his state post-conviction action based upon his <u>Apprendi</u> claim[11] until nearly five years later in September 2005. It necessarily follows that the one-year statute of limitations on Mr. Jones' <u>Apprendi</u> challenge to his 1998 sentence expired several years before he filed either a tolling state action or this federal habeas Petition presenting his <u>Apprendi</u> claim.

However, even if the statute of limitations on this claim had not expired long before this federal Petition was filed, Mr. Jones' <u>Apprendi</u> claim must be dismissed as it has no legal merit. Petitioner's claim that his 1998 sentence violated <u>Apprendi</u> is based upon the sentencing judge's use of his 1994 convictions as "facts" without submitting them to the jury in the 1998 proceedings for proof beyond a reasonable doubt.  The United States Supreme Court in <u>Apprendi</u> expressly exempted the fact of a prior conviction from its requirement of submission to a jury and proof beyond a reasonable

---

[11]     The KCOA held <u>Apprendi</u> did not apply to petitioner's 1998 sentence because his state criminal proceedings were concluded before it was decided:

   In <u>State v. Synoracki</u>, 280 Kan. 934, 126 P.3d 1121 (2006), our Supreme Court considered a defendant's allegation in his pro se motion to correct illegal sentence that his enhanced sentence entered upon his 1992 conviction violated his due process rights recognized in <u>Apprendi</u>.  In deciding the defendant's sentence was not illegal, <u>Synoracki</u> relied upon its holding in <u>Whisler v. State</u>, 272 Kan. 864, 36 P.3d 290 (2001), <u>cert</u>. <u>denied</u> 535 U.S. 1066 (2002), which concluded that <u>Apprendi</u> does not apply to cases that were final on or before June 26, 2000.  <u>Synoracki</u>, 28 Kan. at 935. . . .
   <u>Whisler</u> also controls here.  Jones challenges his sentences entered in 1998.  Our Supreme Court dismissed his direct appeal from these presumptive sentences in 1999.  Thus, Jones' case was final before June 26, 2000, so <u>Apprendi</u> does not apply. . . .

<u>State of Kansas v. Jones</u>, No. 96977 at *10.

doubt.    <u>Schirro v. Summerlin</u>, 542 U.S. 348, 350 (2004), *citing* <u>Apprendi</u>, 530 U.S. at 490 (The United States Supreme Court "interpreted the constitutional due-process and jury-trial guarantees to require that, '[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt'.").    The court concludes that petitioner's challenge to his 1998 sentence based upon <u>Apprendi</u> may be time-barred, and in any event, is clearly without legal merit.

## SENTENCE ENHANCED BY UNCONSTITUTIONAL PRIOR CONVICTIONS CLAIM

Petitioner's other challenge to his 1998 sentence is based upon allegations that it was illegally enhanced by his 1994 convictions because the prior convictions were obtained in violation of his constitutional rights.    Unfortunately, petitioner lost his opportunity to challenge his 1994 convictions in federal court by not pursuing these very claims prior to April 24, 1997[12].    The statute of limitations for federal habeas corpus review of his 1994 state convictions did not begin anew in 1998 when those convictions were utilized to enhance his sentencing on subsequent, unrelated crimes.    Nor was the federal statute of limitations renewed in 2000 by the state courts' consideration of his motion to withdraw his pleas from the 1994 cases.    The court concludes petitioner's challenge to his 1998 sentence, insofar as it is based upon

---

[12]    Apparently Mr. Jones was not seriously dissatisfied with his 1994 convictions of seven counts and sentence of 55 months, until he violated parole by committing new crimes and faced a much longer sentence due to his recidivism. As noted, the state court found he waited six years after entering his pleas before challenging his 1994 convictions in state court, and this fact undermined his claim of coercion by ineffective, deceitful counsel while he stood innocent of all charges.

allegations that his 1994 convictions were unconstitutional, entitles him to no relief in federal court.  This is because, as explained herein, the statute of limitations for challenging his 1994 convictions in federal court has expired.  Unless petitioner can show that he is entitled to either additional statutory or equitable tolling as to his 1994 convictions, this claim must be dismissed.

Petitioner will be given time to show cause why this action should not be dismissed because the statute of limitations has expired for federal habeas corpus review of his 1994 convictions, and his Apprendi claim is without legal merit.  If petitioner does not show cause and present facts within the time provided indicating that the statute of limitations in this case was tolled, either by statute or by equitable tolling, this action will be dismissed.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is granted thirty (30) days in which to show cause why this action should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

Dated this 7th day of February, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge