```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**JEFFREY L. JONES,**

                **Petitioner,**

      v.                              CASE NO.  08-3042-SAC

**DAVID R. McKUNE,
et al.,**

                **Respondents.**

## O R D E R

Upon its initial screening of this petition for writ of habeas corpus, 28 U.S.C. § 2254, this court entered an Order requiring petitioner to show cause why this action should not be dismissed as time-barred. Petitioner filed a Response (Doc. 3). Having considered all materials in the file, the court makes the following findings and Order.

## FACTUAL BACKGROUND

In 1994, Jones was convicted upon his pleas of no contest to multiple counts of aggravated robbery and attempted aggravated robbery in two state criminal cases, Nos. 94-CR-533 and 94-CR-689. In November, 1994, he was sentenced to a controlling term of 55 months. He did not directly appeal these convictions or sentence. Jones was released on parole from his 1994 sentence.

While on parole, Mr. Jones committed new crimes for which he was charged in Case No. 97-CR-2491. In the new case, he pleaded guilty to one count each of aggravated battery and attempted aggravated robbery. In a state court appellate brief, he alleged:

> On June 18, 1998, Jones was sentenced with a criminal history of "A". At sentencing, Jones informed the sentencing court that he was not guilty of all the felony

>      convictions in his criminal motion.  Jones told the court
>      that he entered a "Brady plea" for those convictions.
>      This was the first time that Jones became aware of the
>      effects of his 1994 pleas. (R. IV, 61, 81-82, 90).

Jones v. Kansas, (Brief of Appellant) App. No. 91909, 2004 WL 1923831 (Kan.App., July 29, 2004) at 3.  The trial court "imposed the high presumptive sentences for each crime" for a total of over 200 months imprisonment to run consecutive to what remained of the sentences imposed in the 1994 cases.  Jones filed a direct appeal of his 1998 sentence, which was transferred to the Kansas Supreme Court and dismissed on July 9, 1999 "for lack of jurisdiction because he had received presumptive sentences."  See State v. Jones, 165 P.3d 320, *1, 2007 WL 2410118 (Kan.App. Aug. 24, 2007, unpublished), rev. denied (K.Sup.Ct. Dec. 18, 2007)(citing App. No. 81610).

On April 5, 2000, Jones filed his first post-conviction motion (Dist.Ct. Case No. 00-C-1069).  In this motion brought under K.S.A. § 60-1507, he attacked his 1994 convictions.  As grounds, he claimed ineffective assistance of his defense counsel during his 1994 criminal proceedings, and that his plea was coerced by counsel and therefore involuntary.  The district court summarily denied this motion without an evidentiary hearing.  Jones appealed to the Kansas Court of Appeals (KCOA).  In 2002, the KCOA reversed and remanded, finding a full evidentiary hearing was required[1].  The district court conducted an evidentiary hearing and again denied the motion[2].

---

[1]  Mr. Jones has attached to his Petition this unpublished opinion of the KCOA: Jones v. State of Kansas, App. Case No. 86407 (Apr. 26, 2002).  Petition (Doc. 1) Attach. 1 (hereinafter 86407).

[2]  After remand, in another appeal the KCOA quoted the district court judge who conducted the hearing as stating:

>      It is claimed here today that Mr. Wilson gave [Jones] poor and
>      insufficient advice.  What I really believe has occurred is the fact
>      that Mr. Jones is complaining because he entered a plea in 1994 . .

2

Petitioner appealed to the KCOA, which this time affirmed. The Kansas Supreme Court denied review on September 22, 2005.

On December 16, 2005, petitioner filed a pro se motion to correct an illegal sentence under K.S.A. § 22-3504(1)[3]. See Jones, 165 P.3d 320, at * 1. Jones filed this motion in both his 1994 criminal cases, as well as in his 1998 case, and the three were eventually consolidated. In this motion, he "alleged that the trial court erred in using his seven convictions from the 1994 cases to score his criminal history and erred in scoring his criminal history by including prior convictions that were neither included in the charging document nor proven to a jury beyond a reasonable doubt. . . ." Id. at *1. The trial court denied the motion without appointing counsel and without conducting an evidentiary hearing finding: "Sentence imposed is a presumptive sentence based upon crim[inal] history and severity level sentence was not an enhancement controlled by Apprendi, et al." Id. The KCOA ruled that petitioner was not entitled to relief on the grounds that he had been denied counsel and a hearing at the district court level. They also addressed the merits of his claim "that his sentence was illegal because his prior convictions used to compute his criminal history score and enhance his sentence were not alleged in the complaint and proved to a jury beyond a reasonable doubt," and that

---

. to several person felonies, thereby making him a criminal history
A in 1998 when Judge Wibert sentenced him to over 200 months in the
penitentiary.

Jones v. State, 109 P.3d 203, 2005 WL 823905, at *1 (Kan.App. Apr.8, 2005, unpublished), rev. denied (K.Sup.Ct. Sept. 22, 2005).

[3]   The KCOA noted that a "motion to correct an illegal sentence filed more than 10 days after sentencing is treated like a K.S.a. 60-1507 motion." Jones, 165 P.3d 320 at *2.

3

"this violated his due process rights recognized in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000)" and its progeny. <u>Id</u>. at *4. The KCOA held that <u>Apprendi</u> did not apply to Jones' 1998 sentence. They cited <u>Whisler v. State</u>, 272 Kan. 864, 36 P.3d 290 (2001), <u>cert. denied</u>, 535 U.S. 1066 (2002)[4], which ruled that <u>Apprendi</u> does not apply to cases that were final on or before June 26, 2000. Petitioner's 1998 case was "final" when the Supreme Court dismissed his direct appeal in 1999, which was before June 26, 2000. <u>Id</u>. at *4. The Kansas Supreme Court denied review on Dec. 18, 2007.

Mr. Jones' federal habeas corpus Petition was filed herein on February 4, 2008.

**STATUTE OF LIMITATIONS**

As petitioner was informed in the court's prior Order, the statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), and pertinently provides:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

<u>Id</u>. A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other

---

[4] The KCOA further held that

> [e]ven if his case was not final and <u>Apprendi</u> did apply, in <u>State v. Ivory</u>, 273 Kan. 44, 41 P.3d 781 (2002), our Supreme Court held that a defendant's prior criminal history is a sentencing factor, not an element of the crime, such that it need not be proved to a jury beyond a reasonable doubt to be considered in enhancing a sentence.

<u>Id</u> at *4 (citing <u>Ivory</u>, 273 Kan. at 46-48). The court thus concluded: "Jones' claim that his sentence was illegal because his prior criminal history was not included in the charging document and proven to a jury beyond a reasonable doubt is fatally flawed." <u>Id</u>.

collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

**1994 CONVICTIONS**

Based upon facts set forth herein, the court finds Mr. Jones' 1994 convictions were final on October 1, 1994. The statute of limitations for federal habeas corpus actions became effective on April 24, 1996. It is the settled rule that persons whose state convictions became final prior to the statute's effective date had one year from that date, or until April 24, 1997, in which to seek habeas corpus review in federal court. It follows that the one-year statute of limitations for petitioner to file a federal habeas corpus petition challenging his 1994 convictions began to run on April 24, 1996. The court found in its prior Order, and petitioner does not refute in his Response, that he had no direct criminal appeal or state post-conviction action pending between April 24, 1996, and April 24, 1997. He is therefore not entitled to any statutory tolling during this time period. His 1507 motion filed on April 5, 2000, in which the state courts heard his challenge to his 1994 convictions, had no tolling effect because the federal statute of limitations expired before it was filed. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). The court informed petitioner in its prior Order that his challenges to his 1994 convictions are time-barred unless he demonstrates that he is entitled to additional statutory or equitable tolling.

In his Response, petitioner provides no facts showing he is entitled to equitable tolling of the federal statute of limitations

for any time it was running in 1996 and 1997, and the court finds none. The court concludes that petitioner's federal court challenges to his 1994 state convictions are time-barred[5].

**1998 CONVICTIONS**

From the pertinent facts set forth herein, the court finds, and petitioner acknowledges in his Response, that his 1998 sentence became "final" for purposes of 28 U.S.C. § 2244(d) on October 7, 1999[6]. It follows that the federal statute of limitations on Mr. Jones' 1998 sentence began running on that date.

At the outset, the court rejects petitioner's suggestion in his Response that his challenge to his 1998 sentence in federal court is not time-barred because, under Kansas law, a motion to correct illegal sentence may be filed at any time. While the United States Supreme Court has held that the grant of a state motion to file an out-of-time direct criminal appeal resets the start date for the federal statute of limitations;[7] state post-conviction proceedings, which were filed after the federal statute of limitations expired and were unsuccessful, do not restart the federal limitations period.

---

[5] Ordinarily, a habeas petitioner must file a separate 2254 petition for each different criminal case he challenges. Thus, petitioner should have filed one petition challenging his 1994 convictions, and another petition challenging his 1998 convictions. However, since petition linked the two sets of convictions in his Petition and in his grounds for relief, the court has allowed his challenges to proceed in this one action.

[6] As noted in the court's prior Order, a state criminal sentence is "final" not on the day the Kansas Supreme Court denied review, which here was July 9, 1999; but instead when the ninety-day time period for filing a Petition for Writ of Certiorari has expired, if no such petition is filed.

[7] See Jimenez v. Quarterman, ___ U.S. ___, 129 S.Ct. 681, 77 USLW 4035 (Jan. 13, 2009)(State's grant of right to file out-of-time direct appeal resets date when conviction becomes "final" under AEDPA.).

The court also rejects petitioner's apparent argument in his Response that the time limit for filing a federal petition challenging his 1998 sentence was tolled throughout the pendency of both his first and his second post-conviction proceedings, in other words from April 5, 2000, through December 18, 2007. Petitioner states in his Response that even though it "has been determined that his challenge to his 1994 convictions are time-barred" he "still had his challenge pending." He then refers to his first 1507 filing with the Kansas Supreme Court's denial of review therein on September 22, 2005, and the filing shortly thereafter of his motion to correct illegal sentence on December 16, 2005.

As noted, Mr. Jones filed his first post-conviction motion on April 5, 2000. On his first appeal of the denial of this motion, the KCOA issued an unpublished opinion discussing the grounds raised. The grounds were ineffective assistance of the attorney that represented Mr. Jones during his 1994 plea proceedings, convictions, and sentencing[8]. It is apparent to the court from petitioner's own statements in his Petition (Doc. 1 at 4) and in his Response, as well as from the opinion of the KCOA in 86407 that his first 1507 motion attacked his 1994 convictions only, and did not attack his 1998 convictions or sentence. It certainly included no attack on his 1998 sentence based on <u>Apprendi</u> grounds.

Under 28 U.S.C. § 2244(d)(2), statutory tolling is provided for the "time during which a properly filed application for State post-conviction or other collateral review **with respect to the pertinent**

---

[8] Jones' pleas and sentencing in 1998 are briefly mentioned in that opinion, but only while referring to what Jones had told his "new attorney" and his new attorney had told the sentencing court in the 1998 case regarding prior counsel's alleged ineffectiveness in the 1994 cases. <u>See</u> 86407 at 3.

7

**judgment or claim** is pending . . . ." Id. Petitioner's first 1507 motion was not filed with respect to his 1998 sentence and did not include the factual basis for his Apprendi claim. Instead, it was based solely upon his claims of plea coercion by, and ineffective assistance of, his 1994 counsel. The court therefore finds that the years during which petitioner's first 1507 proceedings were pending did not toll the limitations period for Mr. Jones to file a federal habeas corpus petition challenging his 1998 sentence on Apprendi grounds.

The first and only post-conviction motion in which petitioner did challenge his 1998 sentence and raise his Apprendi claim was his motion to correct illegal sentence filed in December 2005. The court thus finds that the statute of limitations for filing a federal habeas petition with respect to petitioner's 1998 sentence began to run on October 9, 1999, and ran unimpeded until it expired on October 9, 2000[9]. Petitioner's Motion to Correct Illegal Sentence filed on December 16, 2005, had no tolling effect because

---

[9] The one-year limitations period runs from the latest of four dates specified in 28 U.S.C. § 2244(d)(1). This case clearly involves the date provided by § 2244(d)(1)(A), which is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Other possible dates in the statute are (B) the date an unconstitutional impediment created by the State to filing is removed, (C) the date on which the constitutional right asserted was newly recognized and made retroactive by the Supreme Court, or (D) the date on which the factual predicate for the claim could have been discovered.

If under subsection (C), this court considered the date Apprendi was decided, June 26, 2000, as the start date of the limitations period for petitioner's Apprendi claim, the time limit expired one year later on June 26, 2001, which was still prior to his filing any tolling motion.

The court does not consider petitioner's June 1998 sentencing date as the date he discovered the factual predicate for his challenge to his 1998 sentence and the start date under subsection (D), even though he alleged in his 2004 brief to the KCOA that he first "became aware of the effects of his 1994 pleas" on this date. In the first place, a state defendant is presumed to be aware of state laws regarding recidivism and criminal penalty enhancement. Moreover, the direct effect of petitioner's 1994 convictions was a negotiated plea of 55 months. His much longer sentence imposed in 1998 was the effect of his having engaged in new criminal conduct in 1997 while on parole, and his plea of guilty in 1998.

8

it was filed years after the statute of limitations expired. In his Response, petitioner provides no facts showing he is entitled to any statutory or equitable tolling[10] of the federal statute of limitations while it was running in 1999 and 2000 or even in 2001. The court concludes that petitioner is time-barred from challenging his 1998 sentence in a federal habeas corpus petition.

With respect to petitioner's challenge to his 1998 sentence on the ground that his 1994 convictions were inadequately counseled and should not have been used in his criminal history, the court finds this claim is also barred. States may permit collateral challenge to a prior conviction upon which the State relies to enhance a sentence. For example, some states permit post-conviction relief challenges to "enhancement" convictions, so long as the petitioner is "in custody" on the recidivist sentence. Mr. Jones, in fact, was allowed by the Kansas courts to challenge the State's reliance on his 1994 convictions to enhance his 1998 sentence. However, the United States Supreme Court has held that a defendant may not challenge his enhanced sentence through a petition under § 2254 on the ground that prior convictions, no longer open to direct or collateral attack in their own right, were unconstitutionally obtained. See <u>Lackawanna County Dist. Attorney v. Coss</u>, 532 U.S. 394, 402-04 (2001). Although rare exceptions to the general rule exist, prisoners are not entitled to an exception on the ground that

---

[10] In its prior order, this court set forth the standards regarding equitable tolling. In short, equitable tolling is warranted only in "rare and exceptional circumstances;" and in order to qualify for such tolling, petitioner must demonstrate that "extraordinary circumstances beyond his control" prevented him from filing his federal petition on time. Facts are not alleged by Mr. Jones showing any "rare and exceptional circumstances." Nor does petitioner demonstrate that any "extraordinary circumstances beyond his control" prevented him from timely filing his federal Petition.

9

counsel in the prior criminal proceedings provided inadequate representation. See id. at 404-06 (no § 2254 remedy for ineffective assistance of counsel with respect to prior conviction). Petitioner's 1994 sentences were no longer open to direct or collateral attack in their own right at the time he filed this Petition. Therefore, he may not now challenge his 1998 sentence in this § 2254 petition on the ground that his prior convictions were obtained with ineffective assistance of counsel. In the instant case, petitioner's 1994 convictions for which he received a 55-month sentence, were final and were not void on their face or otherwise invalid for the purpose of criminal history at his 1998 sentencing.

Even if this court were to find that petitioner was entitled to statutory or equitable tolling so that his challenge to his 1998 sentence was not barred, it would also find he is entitled to no federal habeas corpus relief on his Apprendi claim. The KCOA clearly ruled on the merits of petitioner's Apprendi claim. Under these circumstances, habeas relief is unavailable unless the state court "reached a conclusion opposite to that reached by the Supreme Court on a question of law, decided the case differently than the Supreme Court has decided a case with a materially indistinguishable set of facts, or unreasonably applied the governing legal principle to the facts of the petitioner's case." Sallahdin v. Gibson, 275 F.3d 1211, 1221 (10th Cir. 2002), cert. denied, 544 U.S. 1052 (2005); Williams v. Taylor, 529 U.S. 362, 411-13 (2000). Petitioner alleges no facts and makes no argument, and the court finds neither, indicating that the KCOA's ruling on his Apprendi claim contradicts any Supreme Court precedent. The KCOA reasonably found that Apprendi could not be retroactively applied to petitioner's case,

and that in any event his claim regarding his prior convictions and their use in his criminal history did not entitle him to relief under Apprendi. An exception to Apprendi is recognized for prior convictions simply used to increase a subsequent sentence for a recidivist. Almendarez-Torres v. U.S., 523 U.S. 224, 226 (1998). The exception was explicitly stated in Apprendi, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490; Blakely v. Washington, 542 U.S. 296, 301 (2004). Recidivism does not qualify as an element of the crime to be proven beyond a reasonable doubt, but instead is a traditional sentencing factor to be determined by a judge. The use of petitioner's prior convictions to enhance his sentences was neither contrary to, nor an unreasonable application of, clearly established United States Supreme Court precedent. Rather, it was consistent with Apprendi, Blakely, and Almendarez-Torres.

The state courts also applied the correct legal standards and reasonably ruled on petitioner's claims of ineffective assistance of counsel during his 1994 criminal proceedings.

The court finds that this federal Petition challenging Mr. Jones' 1994 convictions and his 1998 sentence was not filed within the statute of limitations, and that petitioner has not demonstrated he is entitled to additional statutory or equitable tolling. The court concludes that this action must be dismissed as time-barred.

**IT IS THEREFORE ORDERED** that this action is dismissed as time-barred, and all relief is denied.

11

**IT IS SO ORDERED.**

Dated this 24th day of February, 2009, at Topeka, Kansas.

                                            s/Sam A. Crow
                                            U. S. Senior District Judge